{¶ 19} Although I agree with the majority that both assignments of error should be overruled, I concur in judgment only as to appellant's second assignment of error.
 {¶ 20} In both assignments of error, appellant argues that the trial court erred in not allowing her two experts to testify. A trial court's ruling on the exclusion of expert testimony will not be reversed in the absence of an abuse of discretion.Lovejoy v. Hopkins, (Sept. 26, 2001), 9th Dist. No. 20490, citing State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court may not substitute its judgment for that of the trial court. Lovejoy, citing Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. Although I agree that the first assignment of error has not been preserved, I believe the second assignment of error should be addressed on the merits. Appellant argues that Dr. Chaffee would have testified that the breast reduction surgery was necessary to reduce strain on her back and that the accident proximately caused her back pain. Dr. Yetman, appellant's plastic surgeon, would in turn testify based on a reasonable, medical probability that the bilateral breast reduction was due to appellant's back problems. Dr. Yetman's deposition was proferred into evidence.
 {¶ 21} In his deposition testimony, Dr. Yetman testified that appellant's back pain was caused by her large breasts and that the surgery was performed in an attempt to reduce her back pain. However, Dr. Yetman never testified that the back pain or the surgery were the proximate result of the accident. Without the admission of Dr. Chaffee's testimony linking the surgery to the accident, Dr. Yetman's testimony was properly excluded by the trial court. I would affirm.